UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ILIFE TECHNOLOGIES, INC., § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. 3:12-CV-5161 |
| v. § | |
| § | JURY TRIAL DEMANDED |
| ACTIVECARE, INC. and § | |
| SAFEGUARDIAN, INC., § | |
| § | |
| Defendants. § | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

This is a patent infringement action by iLife Technologies, Inc. ("iLife") against ActiveCare, Inc. ("Activecare") and Safeguardian, Inc. ("Safeguardian") (collectively, "Defendants").

**PARTIES**

1. Plaintiff iLife Technologies, Inc. is a Texas corporation with its principal place of business in this Judicial District.

2. Defendant ActiveCare, Inc. is a Delaware corporation with its principal office at 4897 West Lake Park Blvd., Suite 140, Salt Lake City, Utah 84120. ActiveCare, Inc. has appointed DJP Corporate Services Salt Lake, 111 East Broadway, Suite 900, Salt Lake City, Utah 84111, as its registered agent for service of process.

3. Defendant Safeguardian, Inc. is a Nevada corporation with its principal office at 125 Old Grove Rd #9-310, Oceanside, California 92057. Safeguardian, Inc. has appointed Eastbiz.com, Inc., 5348 Vegas Drive, Las Vegas, Nevada 89108, as its registered agent for service of process.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § 101, *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Defendants have transacted business in this District and have committed acts of patent infringement in this District.

6. This Court has personal jurisdiction over Defendants because the Accused Products and Services, as described below, have been and continue to be purchased, leased, or used by consumers in the State of Texas and the Northern District of Texas. Defendants have committed acts of infringement in violation of 35 U.S.C. § 271 and directly or indirectly placed these infringing Accused Products and Services into the stream of commerce, through established distribution channels, with the knowledge or understanding that such Accused Products and Services are used and sold in this State and this Judicial District.

7. Defendants, directly or indirectly, offer for sale, sell, ship, and distribute their Accused Products and Services within the State of Texas and this Judicial District. Defendants, directly or indirectly, have purposefully and voluntarily placed the Accused Products and Services, as described below, into the stream of commerce with the expectation that it will be purchased, leased, or used by consumers in the Northern District of Texas.

8. Defendants derive substantial revenue from the sale or leasing of infringing products distributed within the District, or expect or should reasonably expect their actions to have consequences within the District, and derive substantial revenue from interstate and international commerce.

9. Defendants knowingly induced or contributed to infringement within this District by contracting with others to market, sell, or lease infringing products and services with the

knowledge and intent to facilitate infringing sales or leases of the products by others within this District and by creating or disseminating data sheets and other instruction materials for the products with like mind and intent.

10. Defendants regularly do business, solicit business, engage in other persistent acts of conduct, or derive substantial revenue from goods and services provided to individuals in Texas and in this District.

11. iLife is a Texas company with its principal place of business in this Judicial District. These acts cause injury to iLife within this Judicial District.

## PATENTS IN SUIT

12. iLife is the owner by assignment of all rights, title, and interest in and under the following United States Letters Patents and has standing to sue for the past, present, and future infringement of the following United States Letters Patents:

| Patent | Title | Issue Date | Exhibit |
| --- | --- | --- | --- |
| U.S. Pat. No. 6,307,481 ("the '481 Patent") | "Systems for Evaluating Movement of a Body and Methods of Operating the Same" | 10/23/2001 | Ex. 1 |
| U.S. Pat. No. 6,501,386 ("the '386 Patent") | "System Within a Communication Device for Evaluating Movement of a Body and Methods of Operating the Same" | 12/31/2002 | Ex. 2 |
| U.S. Pat. No. 6,661,347 ("the '347 Patent") | "System Within a Position Locator Device for Evaluating Movement of a Body and Methods of Operating the Same" | 12/9/2003 | Ex. 3 |
| U.S. Pat. No. 6,703,939 ("the '939 Patent") | "System and Method for Detecting Motions of a Body" | 03/09/2004 | Ex. 4 |
| U.S. Pat. No. 6,864,796 ("the '796 Patent") | "System and Method Within a Communication Device for Evaluating Movement of a Body and Methods of Operating the Same" | 03/08/2005 | Ex. 5 |
| U.S. Pat. No. 7,095,331 ("the '331 Patent") | "System and Method for Detecting Motion of a Body" | 08/22/2006 | Ex. 6 |
| U.S. Pat. No. 7,145,461 ("the '461 Patent") | "System and Method for Analyzing Activity of a Body" | 12/05/2006 | Ex. 7 |

13. The '481 Patent, '386 Patent, '347 Patent, '939 Patent, '796 Patent, '331 Patent, and '461 Patent are collectively referred to as the "Asserted Patents."

## ACCUSED PRODUCTS

14. Defendants make, import, offer for sale, sell, lease, or use systems or methods for detecting, evaluating, or analyzing movement of a body covered by one or more claims of the Asserted Patents. Infringing systems or methods include, but are not limited to, cellular phones with built in fall detectors, including the "GT300 Lone Worker and Senior Care Phone" which Active Care markets as the "Active Care PAL" and Safeguardian markets as the "Life Guardian" (the "Accused Products"), together with related monitoring Services ("Services"). The Accused Products are made by Queclink Wireless Solutions Co., Ltd. and offered to end users in the United States by Active Care and Safeguardian. The Services include providing an end user with an Accused Product and remotely monitoring fall alert signals from the Accused Product at a monitoring center. The Service includes receipt, analysis, and response to fall alert signals from the Accused Products.

15. Each of the Defendants is involved in the same transaction or series of transactions relating to the making, using, importing into the United States, offering for sale, or selling of the same Accused Product or process.

16. Defendants direct and control the actions of end users through, inter alia, contracts relating to the use of the Accused Products and provision of the Services to Defendants' end user customers. On information and belief, Defendants direct and control the actions of the provider(s) of the Services through contract(s). The end users and provider(s) of the Services jointly infringe one or more method claims of the Asserted Patents by acting as required by the terms of their respective contracts with the Defendants.

## COUNT ONE
## PATENT INFRINGEMENT
## The '481 Patent

17. iLife repeats and re-alleges the allegations in the foregoing paragraphs.

18. Defendants have been and are still directly infringing, and indirectly infringing by inducing or contributing to infringement of, one or more claims of the '481 Patent under 35 U.S.C. § 271(a) by making, offering to sell, selling, leasing, or using the Accused Products or Services.

19. Defendants have been and are still directly infringing, and indirectly infringing by inducing or contributing to infringement of, one or more claims of the '481 Patent under 35 U.S.C. § 271(a) by directing and controlling, *inter alia*, the actions of end users of the Accused Products who, acting alone or in concert with others under a contract, individually or jointly infringe one or more method claims of the '481 Patent at the behest of the Defendants.

20. Defendants' infringement of the Asserted Patents has caused damage to iLife for which it is entitled to recover compensatory damages in an amount not yet determined.

21. On information and belief, Defendants' infringing conduct will continue unless enjoined by this Court, resulting in continuing harm and irreparable damage to iLife.

## COUNT TWO
## PATENT INFRINGEMENT
### The '386 Patent

22. iLife repeats and re-alleges the allegations in the foregoing paragraphs.

23. Defendants have been and are still directly infringing, and indirectly infringing by inducing or contributing to infringement of, one or more claims of the '386 Patent under 35 U.S.C. § 271(a) by making, offering to sell, selling, leasing, or using the Accused Products or Services.

24. Defendants have been and are still directly infringing, and indirectly infringing by inducing or contributing to infringement of, one or more claims of the '386 Patent under 35 U.S.C. § 271(a) by directing and controlling, *inter alia*, the actions of end users of the Accused

Products who, acting alone or in concert with others under a contract, individually or jointly infringe one or more method claims of the '386 Patent at the behest of the Defendants.

25. On information and belief, Defendants' infringing conduct will continue unless enjoined by this Court, resulting in continuing harm and irreparable damage to iLife.

### COUNT THREE
### PATENT INFRINGEMENT
### The '347 Patent

26. iLife repeats and re-alleges the allegations in the foregoing paragraphs.

27. Defendants have been and are still directly infringing, and indirectly infringing by inducing or contributing to infringement of, one or more claims of the '347 Patent under 35 U.S.C. § 271(a) by making, offering to sell, selling, leasing, or using the Accused Products or Services.

28. Defendants have been and are still directly infringing, and indirectly infringing by inducing or contributing to infringement of, one or more claims of the '347 Patent under 35 U.S.C. § 271(a) by directing and controlling, *inter alia*, the actions of end users of the Accused Products who, acting alone or in concert with others under a contract, individually or jointly infringe one or more method claims of the '347 Patent at the behest of the Defendants.

29. Defendants' infringement of the '347 Patent has caused damage to iLife for which it is entitled to recover compensatory damages in an amount not yet determined.

30. On information and belief, Defendants' infringing conduct will continue unless enjoined by this Court, resulting in continuing harm and irreparable damage to iLife.

### COUNT FOUR
### PATENT INFRINGEMENT
### The '939 Patent

31. iLife repeats and re-alleges the allegations in the foregoing paragraphs.

32. Defendants have been and are still directly infringing, and indirectly infringing by inducing or contributing to infringement of, one or more claims of the '939 Patent under 35 U.S.C. § 271(a) by making, offering to sell, selling, leasing, or using the Accused Products or Services.

33. Defendants have been and are still directly infringing, and indirectly infringing by inducing or contributing to infringement of, one or more claims of the '939 Patent under 35 U.S.C. § 271(a) by directing and controlling, *inter alia*, the actions of end users of the Accused Products who, acting alone or in concert with others under a contract, individually or jointly infringe one or more method claims of the '939 Patent at the behest of the Defendants.

34. Defendants' infringement of the '939 Patent has caused damage to iLife for which it is entitled to recover compensatory damages in an amount not yet determined.

35. On information and belief, Defendants' infringing conduct will continue unless enjoined by this Court, resulting in continuing harm and irreparable damage to iLife.

### COUNT FIVE
### PATENT INFRINGEMENT
### The '796 Patent

36. iLife repeats and re-alleges the allegations in the foregoing paragraphs.

37. Defendants have been and are still directly infringing, and indirectly infringing by inducing or contributing to infringement of, one or more claims of the '796 Patent under 35 U.S.C. § 271(a) by making, offering to sell, selling, leasing, or using the Accused Products or Services.

38. Defendants have been and are still directly infringing, and indirectly infringing by inducing or contributing to infringement of, one or more claims of the '796 Patent under 35 U.S.C. § 271(a) by directing and controlling, *inter alia*, the actions of end users of the Accused

Products who, acting alone or in concert with others under a contract, individually or jointly infringe one or more method claims of the '796 Patent at the behest of the Defendants.

39. Defendants' infringement of the '796 Patent has caused damage to iLife for which it is entitled to recover compensatory damages in an amount not yet determined.

40. On information and belief, Defendants' infringing conduct will continue unless enjoined by this Court, resulting in continuing harm and irreparable damage to iLife.

## COUNT SIX
## PATENT INFRINGEMENT
### The '331 Patent

41. iLife repeats and re-alleges the allegations in the foregoing paragraphs.

42. Defendants have been and are still directly infringing, and indirectly infringing by inducing or contributing to infringement of, one or more claims of the '331 Patent under 35 U.S.C. § 271(a) by making, offering to sell, selling, leasing, or using the Accused Products or Services.

43. Defendants have been and are still directly infringing, and indirectly infringing by inducing or contributing to infringement of, one or more claims of the '331 Patent under 35 U.S.C. § 271(a) by directing and controlling, *inter alia*, the actions of end users of the Accused Products who, acting alone or in concert with others under a contract, individually or jointly infringe one or more method claims of the '331 Patent at the behest of the Defendants.

44. Defendants' infringement of the '331 Patent has caused damage to iLife for which it is entitled to recover compensatory damages in an amount not yet determined.

45. On information and belief, Defendants' infringing conduct will continue unless enjoined by this Court, resulting in continuing harm and irreparable damage to iLife.

## COUNT SEVEN
## PATENT INFRINGEMENT
### The '461 Patent

46. iLife repeats and re-alleges the allegations in the foregoing paragraphs.

47. Defendants have been and are still directly infringing, and indirectly infringing by inducing or contributing to infringement of, one or more claims of the '461 Patent under 35 U.S.C. § 271(a) by making, offering to sell, selling, leasing, or using the Accused Products or Services.

48. Defendants have been and are still directly infringing, and indirectly infringing by inducing or contributing to infringement of, one or more claims of the '461 Patent under 35 U.S.C. § 271(a) by directing and controlling, *inter alia*, the actions of end users of the Accused Products who, acting alone or in concert with others under a contract, individually or jointly infringe one or more method claims of the '461 Patent at the behest of the Defendants.

49. Defendants' infringement of the '461 Patent has caused damage to iLife for which it is entitled to recover compensatory damages in an amount not yet determined.

50. On information and belief, Defendants' infringing conduct will continue unless enjoined by this Court, resulting in continuing harm and irreparable damage to iLife.

### DEMAND FOR JURY TRIAL

51. iLife demands that all issues be determined by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff iLife Technologies, Inc. respectfully requests that:

1. The Court enter judgment Defendants have infringed the Asserted Patents;

2. Defendants be ordered to pay iLife its damages under 35 U.S.C. § 284 for infringement of the Asserted Patents;

3. Defendants be ordered to pay iLife pre-judgment and post-judgment interest to the full extent allowed under the law, as well as its costs;

4. Defendants and their agents, servants, and employees, and all those in privity with Defendants or in active convert and participation with Defendants, be permanently enjoined from further infringement of the Asserted Patents; and

5. The Court grant iLife such other and further relief as the Court deems just and equitable.

Respectfully submitted,

*/s/ Michael C. Wilson*
Michael C. Wilson
mwilson@munckwilson.com
Texas Bar No. 21704590
S. Wallace Dunwoody
wdunwoody@munckwilson.com
Texas Bar No. 24040838
John S. Torkelson
jtorkelson@munckwilson.com
Texas Bar No. 00795154
**MUNCK WILSON MANDALA, LLP**
600 Banner Place Tower
12770 Coit Road
Dallas, Texas 75251
Telephone: 972.628.3600
Fax: 972.628.3616

**ATTORNEYS FOR PLAINTIFF,
ILIFE TECHNOLOGIES, INC.**

572472

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ❏ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Mgmt. Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Med. Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 791 Empl. Ret. Inc. Security Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| | | | | | ❏ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | ❏ 510 Motions to Vacate Sentence | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 220 Foreclosure | ❏ 441 Voting | **Habeas Corpus:** | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 950 Constitutionality of State Statutes |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 530 General | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | ❏ 550 Civil Rights | ❏ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | ❏ 465 Other Immigration Actions | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1  Original Proceeding
- ❏ 2  Removed from State Court
- ❏ 3  Remanded from Appellate Court
- ❏ 4  Reinstated or Reopened
- ❏ 5  Transferred from another district *(specify)*
- ❏ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes  ❏ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____