## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ILIFE TECHNOLOGIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:12-CV-5161 |
| | § | |
| ACTIVECARE, INC. and | § | |
| SAFEGUARDIAN, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Default Judgment against Defendant SafeGuardian, Inc. ("SafeGuardian"), filed by Plaintiff iLife Technologies, Inc. ("iLife") [Docket Entry #12], and the Motion to Set Aside Clerk's Entry of Default, filed by SafeGuardian [Docket Entry #26]. The Motion for Default Judgment is **DENIED**, and the Motion to Set Aside is **GRANTED**.

iLife served SafeGuardian with a copy of the Summons and Complaint through its registered agent, Eastbiz.com, on January 30, 2013. SafeGuardian failed to answer or otherwise respond within twenty-one days, as required by Fed. R. Civ. P. 12(a)(1). Accordingly, on February 22, 2013, iLife requested that the Clerk issue an Entry of Default, which it did on February 25, 2013. The next day, iLife moved for a default judgment. On March 6, 2013, two weeks after the Rule 12 deadline and eight days after iLife moved for default judgment, SafeGuardian answered the Complaint. On April 24, 2013, in response to a Court order, SafeGuardian responded to iLife's Motion for Default Judgment, and moved the Court to set aside the Clerk's Entry of Default.

Rule 55 of the Federal Rules of Civil Procedure authorizes courts to set aside an entry of default judgment "for good cause." Fed. R. Civ. P. 55(c). In determining what constitutes good

cause, courts should consider, among other things, (1) whether the default was willful or the result of excusable neglect, (2) whether a meritorious defense is presented, and (3) whether setting aside the default would prejudice the adversary.  *Matter of Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). This list is not exclusive; "[o]ther factors may be considered, such as whether the party acted expeditiously to correct the default."  *Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003).  In exercising their discretion, courts are to recall that our judicial system "universally favor[s] trial on the merits." *Matter of Dierschke*, 975 F.2d at 183 (citations omitted).

SafeGuardian claims that its failure to file a timely response to the Complaint resulted from a misunderstanding that its codefendant and business partner, ActiveCare, Inc. ("ActiveCare"), would respond on behalf of both entities.  ActiveCare, it appears, supplies the allegedly infringing products and services; SafeGuardian allegedly acts as ActiveCare's "sales conduit."  *Def.'s Mot.* 3. SafeGuardian claims that in light of this relationship, it contacted ActiveCare upon receiving the Complaint, and understood from their communications that ActiveCare would retain counsel to defend both entities.  Allegedly, it was not until the Clerk's Entry of Default, on February 25, that SafeGuardian, ActiveCare, or ActiveCare's counsel, the law firm of Bell Nunnally & Martin LLP ("BN&M"), became aware that SafeGuardian lacked representation.  Within nine days, SafeGuardian retained BN&M and filed an Answer.

These circumstances reveal that SafeGuardian's failure was excusable.  iLife relies heavily on Judge McBryde's opinion in *Flexible Innovations Ltd. v. IdeaMax*, No. 4:12-CV-856-A, 2013 WL 1291766 (N.D. Tex. Mar. 29, 2013), to support its argument that SafeGuardian willfully refused to timely respond.  But there, Judge McBryde found the defaulting defendant's excuses "nonsensical, inconsistent, and contradictory," and ultimately gave them no credence.  *Id.* at *4.

Here, in contrast, SafeGuardian's excuse is plausible, consistent, and supported by affidavits from

SafeGuardian and ActiveCare.  Although ActiveCare has not acknowledged responsibility for the

misunderstanding, the Court can nonetheless conclude that SafeGuardian's failure was excusable,

if not altogether reasonable.  Moreover, after recognizing its failure, SafeGuardian acted promptly

to enter an appearance and answer the Complaint.

SafeGuardian has also asserted defenses which, if proven, would affect the outcome of the

litigation in its favor.  More is not necessary to establish good cause.  *See Azzopardi v. Ocean

Drilling & Exploration Co.*, 742 F.2d 890, 895 (5th Cir. 1984) (affirming trial court's decision to

set aside a default judgment—a more rigorous standard than setting aside a clerk's entry of

default—where the neglect was excusable and the defaulting party had raised defenses that could

change the outcome of the trial); *Owens-Illinois, Inc. v. T & N Ltd.*, 191 F.R.D. 522, 526 (E.D.

Tex. 2000) (To establish good cause, a defaulting party "need not prove that it will likely succeed

on the merits; rather, it need only establish that the evidence submitted, if proven at trial, would

constitute a defense.").  Although SafeGuardian's affirmative defenses and counterclaims provide

little detail, its Motion contains a number of potentially meritorious defenses, including arguments

that (1) as a mere sales conduit for the accused products, SafeGuardian could not have infringed

the asserted method claims, and (2) the accused product does not "sense or process static

accelerative phenomena," a limitation on a number of the asserted independent claims.  *Def.'s Mot.*

17.  These defenses could significantly affect the success of iLife's infringement claims, if proven,

and support a finding of good cause.

Finally, iLife has identified no prejudice other than the cost associated with pursuing the

default.  Accordingly, and because default is a "drastic remedy" used only in "extreme situations,"

*Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001), the Court concludes that these circumstances

constitute good cause to **SET ASIDE** the Clerk's Entry of Default and **DENY** Defendant's Motion for Default Judgment.  Nevertheless, the Court is mindful of the fact that SafeGuardian's neglect caused iLife to waste resources, and therefore conditions its decision upon SafeGuardian paying iLife $3,500, which the Court finds to be a reasonable and necessary sum associated with the default.  If SafeGuardian has not submitted said payment to iLife by May 24, 2013, the Court will reinstate the Clerk's Entry of Default, and reconsider the Motion for Default Judgment.  The Court deems SafeGuardian's Answer, Affirmative Defenses, and Counterclaims to be filed as of March 6, 2013.

  **SO ORDERED**.

 May 10, 2013.

         **BARBARA M. G. LYNN**
         **UNITED STATES DISTRICT JUDGE**
         **NORTHERN DISTRICT OF TEXAS**